**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CONNIE CARTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CASE NO. 4:12cv477 |
| | § | Judge Clark/Judge Mazzant |
| ROOSTERS GROOMING CENTER, | § | |
| NICK ALTER, and LINDA ALTER, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 30, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Plaintiff's Motion for Default Judgment [Doc. #25] be denied [Doc. #30]. The Magistrate Judge also recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction. On July 10, 2013, Plaintiff filed objections to the report [Doc. #35].

On May 24, 2012, Plaintiff filed a *pro se* handwritten complaint in the United States District Court for the Northern District of Texas which alleges wrongful termination by Defendants based upon age and race. On June 21, 2012, this case was transferred to the Eastern District of Texas. Plaintiff subsequently had summons issued on each of the defendants, but was only successful in serving Nick and Linda Alter. After no responsive pleading was filed, Plaintiff employed counsel

to obtain a default judgment. On March 7, 2013, the clerk entered a default as to Nick and Linda Alter. Plaintiff then filed a Motion for Default Judgment on March 13, 2013. The Magistrate Judge then held a hearing on the motion on May 13, 2013, where Plaintiff appeared and gave testimony. After the hearing, the Magistrate Judge issued an order that provided as follows:

> At the end of the hearing, the Court ordered counsel to brief certain issues. In addition to the issues raised at the hearing, the Court requests that Plaintiff address whether the individuals can be held liable for violations of Title VII and the ADEA. Typically, a plaintiff cannot maintain a claim against individual defendants under Title VII. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651–3 (5th Cir. 1994). The same seems true for the ADEA. *See Medina v. Ramsey Steel Co., Inc.*, 238 F.3d 674, 686 (5th Cir. 2001). In addition, an "employer" for Title VII includes any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks...." 42 U.S.C. § 2000e(b). In this case, Plaintiff testified that there were only seven employees. Plaintiff should address whether this Court has jurisdiction over any of the claims.

The Magistrate Judge then issued a report recommending the motion for default judgment be denied and the case dismissed for lack of subject matter jurisdiction. In her objections, Plaintiff outlines why she thinks the court has jurisdiction. Based upon the record before the court and considering the objections, the court still has questions regarding its jurisdiction. Considering these questions, the court agrees with the Magistrate Judge's conclusion that a default judgment cannot be entered. However, instead of dismissal, the court will allow Plaintiff to file an amended complaint that explains how the court has jurisdiction over the case.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by Plaintiff [Doc. #35], this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct to the extent of denial of motion for default judgment and adopts the Magistrate Judge's report as the findings and conclusions of the court. However, the court defers a decision on whether the court has jurisdiction over the case.

It is, therefore, **ORDERED** that Plaintiff's Motion for Default Judgment [Doc. #25] is **DENIED**.

It is further ORDERED that Plaintiff shall file an amended complaint within fourteen (14) days of this order.
.

So **ORDERED** and **SIGNED** this **27** day of **August, 2013.**

_____
Ron Clark, United States District Judge